United States District Court　　　Southern District of Texas
United States District Court
Southern District of Texas
**ENTERED**
May 03, 2021
Nathan Ochsner, Clerk

Owen Hendricks, *et al.*, § 
§
　　　　　Plaintiffs, §
§
*versus* § 　　Civil Action H-19-4749
§
Cheniere Energy, §
§
　　　　　Defendant. §

## Opinion on Summary Judgment

1.　*Background.*

　　Owen Hendricks worked as the director of construction at Cheniere Energy. Thomas Salter worked as a superintendent.

　　From 2016 through 2018, Hendricks and Salter went on various beach and hunting trips with other Cheniere employees.

　　In July 2018, Salter was repairing a vehicle on site. Hendricks told the senior vice president, Ed Lehotsky, that equipment was being sabotaged. Lehotsky allowed Hendricks to install a hidden camera and Salter to take the vehicle for repairs.

　　On August 9, 2018, Hendricks and the office manager, Elizabeth Ruiz, argued, and sex-related comments were said. After, Hendrick and Salter spoke with human resources about the comments Ruiz made about them. They also discussed the recent beach trips and vehicle removal.

　　On August 30, 2018, and September 10, 2018, Hendricks and Salter had additional meetings with the ethics manager and an employment law advisor to talk about the beach trips and vehicle removal.

　　On September 28, 2018, Hendricks and Salter met separately with Lehotsky and human resources. They were each reprimanded for the beach trips and fired for using the vehicle for personal reasons without permission. That

same day, Ruiz was also warned in writing about the comments she had made.

On December 6, 2019, Hendricks and Salter sued for: (a) sexual harassment, (b) age discrimination, (c) retaliation, and (d) sex discrimination. Cheniere has moved for summary judgment. It will prevail.

2. *Sexual Harassment.*

To succeed on a sexual harassment claim, Hendricks and Salter must each show that: (a) they are members of a protected class, (b) who suffered unwelcome harassment based on their sex, (c) the harassment affected their employment, and (d) Cheniere knew or should have known about it and did not take prompt remedial action.[1]

Hendricks says that Ruiz's inappropriate comment – "I don't know if Thomas Salter is sucking your dick or if you are sucking Thomas Salter's dick" – was unwelcome and was based on his sex because it "question[ed his] masculinity." He claims this caused him to feel "intimidated and sexually harassed" and added stress. He says he reported the comment in August 2018.

Salter claims that he was offended by Ruiz's comment and that he told others so. He says that it was based on his sex because others could perceive it as he "might potentially be in a homosexual relationship." He argues this has caused him stress. He says that he complained about her comments in 2017 and reported it in 2018.

Hendricks and Salter offer no evidence outside of their own testimony, and it is full of legal conclusions. They confuse the burden of proof for a case they brought. Hendricks instigated the conversation with Ruiz. It concerned a work-related dispute over the ordering of some office supplies. He was the one that turned it sexual by asking Ruiz – "Why do you have such a hard-on for Thomas Salter?" Hendricks says his comment cannot be taken as sexual. His logic would also mean that Ruiz's comment cannot be taken as sexual. He gives

---

[1] *West v. City of Houston*, 960 F.3d 736, 741 (5th Cir. 2020).

no evidence to show why the comment is based on his sex. Hendricks and Salter admit in their own testimony that the comment did not impact their job performance.

After the comments, Cheniere met with all the people involved. No comments of this manner were made after the investigation. Ruiz was warned in writing for her words – all within two months. It is clear that prompt remedial action was taken.

Because Hendricks and Salter cannot prove the elements for sexual harassment, their claim fails.

3. *Age Discrimination.*

To succeed on an age discrimination claim, Hendricks and Salter must show that: (a) they are members of a protected group, (b) were qualified for the job, (c) suffered an adverse employment action not applied to people under 40, and (d) were replaced by someone outside of the class or fired because of their age.[2]

Hendricks insists a vice president told him that the company wanted to hire younger people because others were retiring.

Hendricks and Salter have no evidence to show that Cheniere fired them because of their age. Just giving an offhand comment from six years before they were fired is insufficient.

Hendricks was 53. He was replaced by someone who was also 53. Salter was 40. He was not replaced, but his duties were absorbed by two other employees – one of whom was 59. The person that fired them both was 64.

Because Hendricks and Salter cannot show that they were fired based on their age or that they were replaced by someone under 40, their age discrimination claim fails.

---

[2] *Lee v. Kansas City S. Ry. Co.*, 574 F. 3d 253, 259 (5th Cir. 2009).

4.  *Retaliation.*

To succeed on a retaliation claim, Hendricks and Salter must show that: (a) they engaged in a protected activity, (b) an adverse employment action occurred, and (c) that there was a causal link between them.[3]

Hendricks and Salter say that they complained many times about Ruiz's comments and reported it to human resources. They claim that was why they were fired. They argue they are causally linked because they happened within two months of each other. They say that the reason Cheniere gave for firing them was pretextual because they claim their vehicle use was authorized and that Cheniere knew about it for years.

Hendricks and Salter offer no evidence that their discussions with human resources amounted to complaining and no evidence that they ever formally complained. Vague conversations about what happened do not automatically make a complaint.

They also cannot show that their issues with Ruiz's comment was a part of the decision for their firing. Baselessly concluding that just because two months passed from the comments being made to them being fired is not proof of a causal link. Hendricks and Salter again confuse the burden of proof. Baselessly saying that a genuine issue of fact exists – without identifying a real disputed fact – does not make it true.

Cheniere had a legitimate reason for firing them. It discovered that they had personally used company equipment without authorization multiple. Just saying that the use was authorized without facts is insufficient to rebut.

Because Hendricks and Salter cannot show a causal link or that they engaged in a protected activity, their retaliation claim fails.

5.  *Sex Discrimination.*

To succeed on a sex discrimination claim, Hendricks and Salter must

---

[3] *Heggemeier v. Caldwell County, Texas*, 826 F.3d 861, 869 (5th Cir. 2016)

show that: (a) they are members of a protected class, (b) are qualified for the job, (c) suffered an adverse employment action, (d) and they were replaced by a person outside of their protected group or treated less favorably that similarly-situated employees outside of the protected group.[4]

Hendricks and Salter claim that they felt discriminated against and that if the roles were reversed, they would have been fired for the comments Ruiz made. They also say that Ruiz got preferential treatment and that females were treated better than males.

Hendricks and Salter again cannot offer a shred of evidence to support this claim. Legal conclusion and baseless accusations are insufficient.

Hendricks was replaced by a male. Salter's duties were absorbed by two males. They cannot give another instance where a similarly-situated female worker used company equipment without authorization and was not fired. Hendricks, Salter, and Ruiz were punished equally for their inappropriate comments.

Because Hendricks and Salter cannot show that they were replaced by a female or that similarly-situated females were treated differently, their sex discrimination claim fails.

6. *Conclusion.*

Owen Hendricks and Thomas Salter will take nothing from Cheniere Energy.

Signed on May __3__, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] *Harville v. City of Houston, Mississippi*, 945 F.3d 870, 875 (5th Cir. 2019).